UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN ADMIRALTY

MARIA BRIEM and TORSTEN BRIEM,

    Plaintiffs,

v.                                                 Case No: 2:18-cv-301-FtM-99CM

HOLIDAY WATER SPORTS FT MYERS BEACH, INC. and JACK LNU,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendant, Jake Graddy's, Motion for Stay and, Alternatively, Motion for Extension of Time to Respond to Plaintiffs' First Amended Complaint filed on October 19, 2018. Doc. 23. Plaintiffs filed a response in opposition on October 24, 2018. Doc. 24. For the reasons stated below, the motion is granted in part and denied in part.

Plaintiffs Maria and Torstem Briem filed this case against Defendants Holiday Water Sports Ft. Myers Beach, Inc. ("Holiday Water Sports") and Jack LNU, later identified as Jake Graddy ("Graddy"), seeking damages for breach of contract, personal injuries, medical expenses and loss of consortium under federal maritime and Florida law. Doc. 8 ¶¶ 1-2. Plaintiffs allege Holiday Water Sports and its tour guide, Graddy, are liable for injuries sustained by Mrs. Briem on April 27, 2015 while using one of Holiday Water Sports' wave runners on a guided tour in the waters near

Fort Myers Beach, Florida. *Id.* ¶¶ 20-41. Among other allegations, Plaintiffs claim Graddy negligently abandoned them to ride the wave runner without supervision before the guided tour was over, resulting in Mrs. Briem injuring herself. *Id.* ¶ 16. On October 9, 2018, Holiday Water Sports filed a Verified Complaint for Exoneration from or for Limitation of Liability ("Limitation Action") under 46 U.S.C. § 30501 *et. seq.* related to the April 27, 2015 incident and its wave runner. *In re Holiday Water Sports Ft. Myers Beach, Inc.*, No. 2:18-cv-663-UA-CM, Doc. 1.

In filing the Limitation Action, Holiday Water Sports seeks to limit its liability for the incident that occurred on April 27, 2015 to the value of its wave runner, which it estimates is $7,601. *Id.*, Doc. 4 at 2. In that case, on October 11, 2018, the Court granted Holiday Water Sports' Motion for Entry of Order for Stipulation of Value, Monition, and Injunction, which stayed pending proceedings against Holiday Water Sports, its wave runner and any other property arising from claims related to the April 27, 2015 incident. *See id.*, Doc. 7 at 4.

In the present motion, Graddy requests that the Court stay this case as to him or, in the alternative, grant him a two-week extension of time to respond to Plaintiffs' First Amended Complaint, until November 2, 2018. Doc. 23 at 1-3. Graddy states he was served with the Amended Complaint on September 28, 2018, and his attorneys filed their notice of appearance on October 16, 2018. *Id.* at 1. Plaintiffs respond that Holiday Water Sports has yet to publish notice of the Limitation Action or serve the pleadings on known potential claimants, including Plaintiffs; thus, Graddy's

request for a stay as to him is premature.[1]  Doc. 24 at 1-2.  Plaintiffs also assert Graddy does not have standing to request to have any stay imposed extended to claims against him individually.  *Id.* at 2.  Plaintiffs oppose the requested extension to respond to the Amended Complaint because Graddy failed to confer with Plaintiffs and because Graddy's counsel also represents Holiday Water Sports in this case and does not need an extension as counsel is already familiar with the facts.  *See id.* at 4-5.

Under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.*, the owner of a vessel may seek to limit its liability for an incident involving the vessel to the vessel's value by bringing a limitation action in district court.  *See* 46 U.S.C. §§ 30505(a), 30511(a).[2]  Individuals asserting the owner's liability for the incident may then file claims in the action, and a claimant can defeat the owner's limitation action if the claimant can show the incident occurred with "the privity or knowledge of the owner."  *Id.* § 30505(b).  When the owner of a vessel brings a limitation action and complies with all procedural requirements, "all [other] claims and proceedings against the owner related to the matter in question shall cease."  *Id.* § 30511(c).  "In both the statute and the rule, reference is made repeatedly and uniformly to the owner of a vessel and not to any other class of individual or entity."  *In re Kirby*

---

[1] Plaintiffs note that the deadline for filing claims in the Limitation Action is November 28, 2018.  Doc. 24 at 2 n.2.

[2] The procedures for a limitation action are also set forth in Supplemental Admiralty and Maritime Claims Rule F.

*Inland Marine, L.P.*, No. 13-0319-WS-C, 2013 WL 4016363, at *2 (S.D. Ala. Aug. 6, 2013).

Although the language of the statute only references a stay in relation to a vessel owner, some courts have stayed direct actions against non-vessel owners while a related limitation action is pending, including actions against officers/employees of the vessel owner. *See, e.g., Maryland Casualty Co. v. Cushing*, 347 U.S. 409 (1954); *Guillot v. Cenac Towing Co.*, 366 F.2d 898 (5th Cir. 1966); *In re: Complaint of Paradise Holdings, Inc.*, 795 F.2d 756 (9th Cir. 1986). The rationales for allowing a stay as to a direct action against a non-owner include the risk of inconsistent results and collateral estoppel between the limitation action and the direct action. *See Guillot*, 366 F.2d at 906 (direct action against owner's officers "trespasses upon the exclusive domain of the Admiralty in adjudicating whether the quality of the actions of the . . . officers is such as to charge the . . . shipowner with privity and knowledge of them"); *In re Kirby*, 2013 WL 4016363, at * 2 ("due to the close relation between owner and . . . officer, res judicata and/or collateral estoppel could bar the owner from contesting privity and knowledge in the limitation action").

Here, Plaintiffs allege Holiday Water Sports and its Tour Guide, Graddy, are liable for the incident that occurred April 27, 2015. Doc. 8 ¶¶20-41. Plaintiffs and all other potential claimants have until November 28, 2018, to file claims in the Limitation Action. No. 2:18-cv-663-UA-CM, Doc. 7 at 3. Whether Plaintiffs file a claim and the assertions underlying their potential claim that the incident occurred with the privity and knowledge of Holiday Water Sports may bear on Graddy's

request for a stay. *See In re Kirby*, 2013 WL 4016363, at * 2; Doc. 24 at 2 n.2. Specifically, depending on the contents of Plaintiffs' potential claim, there may be issues between this case and the Limitation Action regarding inconsistent results and/or collateral estoppel. *See Guillot*, 366 F.2d at 906. The Court is unable to determine the appropriateness of a stay as to Graddy without the benefit of comparing Plaintiffs' potential claim in the Limitation Action with the Amended Complaint in this case, however. Thus, the request to stay the proceedings as to Graddy personally will be denied without prejudice to Graddy re-filing, if necessary, after the November 28, 2018 deadline to file claims in the Limitation Action has passed.

ACCORDINGLY, it is

**ORDERED:**

Defendant, Jake Graddy's, Motion for Stay and, Alternatively, Motion for Extension of Time to Respond to Plaintiffs' First Amended Complaint (Doc. 23) is **GRANTED in part and DENIED in part**. Defendant Jake Graddy shall have up to and including **November 8, 2018** to respond to the Amended Complaint. Defendant's request to stay the proceedings as to him is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record