UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No. 2:18-cv-663-JLB-NPM

IN ADMIRALTY

HOLIDAY WATER SPORTS FT.
MYERS BEACH, INC.
as the owner of a fleet of Yamaha
Wave Runners, its engine, tackle,
appurtenances, etc.

   Petitioner.

_____

**ORDER**

  Before the Court are Claimants' Second Motion to Lift Stay (Doc. 49), Response (Doc. 53), and with leave of Court, Reply (Doc. 56). Petitioner Holiday Water Sports Ft Myers Beach, Inc. ("Holiday") brought this admiralty action under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30501 *et seq.* (the "Limitation Act"). For the following reasons, the Court grants the motion.

  This action relates to a personal-injury action also filed in this Court. *See Briem v. Holiday Water Sports Ft Myers Breach, Inc. et al.*, No. 2:18-cv-301-JLB-NPM. In the related action filed on April 27, 2018, Claimants allege they booked a dolphin tour through Holiday on Wave Runners. (Doc. 8, ¶¶ 12-13). They also booked a tour guide, later identified as Jack Graddy. (*Id.*, ¶ 13). Claimants further allege that due to Holiday's and Graddy's negligence, Claimant Maria Briem was

1

knocked off the Wave Runner by a huge wave and sustained serious injuries from this accident. (Doc. 8). On October 9, 2018, Holiday filed this exoneration from or limitation of liability action relating to this incident. (Doc. 1). Holiday estimated the value of the vessel was $7,601.00. (Doc. 4). Claimants allege their damages far exceed this estimated value.

At issue is the Order approving the Ad Interim Stipulation, Notice of Monition and Injunction (Doc. 7) entered on October 11, 2018. In this Order, the Court set a deadline of November 28, 2018 for any person or entity to assert and file a claim against Holiday related to the occurrence. (Doc. 7, p. 3). The Court also ordered—among other things—"[t]he commencement or further prosecution of any action or proceeding against Petitioner, the Vessels or any other property of Petitioner with respect to any claim arising out of, or connected with the casualty set forth in the Complaint, is **STAYED, ENJOINED AND RESTRAINED** until the final determination of these proceedings." (*Id.*, p. 4). As a result, the underlying action, *Briem v. Holiday Water Sports Ft Myers Breach, Inc. et al.*, 2:18-cv-301-JLB-NPM was stayed until the Court resolved the instant exoneration from or limitation of liability action. (Doc. 40, p. 5).

In the Second Motion to Lift Stay, Claimants seek to have the stay lifted in the person-injury action and instead stay this action until the personal-injury action is resolved. (Doc. 49, p. 1).

"Article III, § 2 of the United States Constitution vests federal courts with jurisdiction over all cases of admiralty and maritime jurisdiction." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443 (2001). As codified in 28 U.S.C. § 1333, the grant of exclusive original jurisdiction to federal courts of admiralty and maritime jurisdiction, also contains a "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(a). "Some tension exists between the saving to suitors clause and the Limitation Act. One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Lewis*, 531 U.S. at 448. While in limitation proceedings—as in all admiralty actions—there is no right to a jury trial, under the saving to suitors clause there is a presumption in favor of presenting common law remedies in the claimant's forum of choice to a jury. *See Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1258 (11th Cir. 2014) (citing *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996)). The overarching concern in limitation actions is to protect the vessel owner's "'absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum.'" *Beiswenger,* 86 F.3d at 1037 (quoting *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992)).

To give effect to both the Limitation Act and the saving to suitors clause, courts have identified two circumstances in which the damage claimants must be

allowed to try liability and damage issues in the forum of their choosing. *Id.* First, if the limitation fund exceeds the aggregate amount of all possible claims against the vessel owner, then the claimants may proceed with their other action. *Id.* Second, when there is only one claimant, then that claimant may pursue her action with some stipulations. *Id.*

The reasoning behind allowing a sole claimant to pursue her claim rests on the theory that the major purpose of the limitation action, or *concursus* proceeding, is to resolve competing claims to the limitation fund. *Id.* A single claimant may try other proceedings in the forum of her choice by filing stipulations that protect the shipowner's right to have the admiralty court adjudicate the claim as to limited liability. *Id.* "'Specifically, the claimant must waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court, and concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding.'" *Id.* (quoting *Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir. 1993)).

So if a court holds the vessel owner liable for the accident and assesses damages exceeding the limitation fund, the parties must return to the admiralty court to determine if the vessel owner was in privity or had knowledge of the issues. *Id.* at 1038. If the admiralty court determines the vessel owner is in privity or had knowledge of the issues, then the claimant may enforce his or her judgment for

damages, even if it exceeds the limitation fund. *Id.* This method protects the vessel owner's ability to claim limited liability and to reserve the adjudication of this claim to the admiralty court. *Id.*

In the instant case, there is more than one claimant. Both Maria Briem and Torsten Briem are claimants (Doc. 1), Jack Graddy may pursue claims for contribution or indemnification, and there is the possibility that Maria Briem's health care providers may seek to step into her shoes and pursue subrogation claims. Thus, this case presents a "multiple-claims-inadequate-fund" situation. *Beiswenger*, 86 F.3d at 1038. As a result neither circumstance of an adequate limitation fund or a sole claimant applies.

In multiple-claims-inadequate-funds cases, courts generally will not allow the claimants to try liability and damages in their chosen forum, even if they agree to return to the admiralty court to litigate the vessel owner's privity or knowledge. *Id.* "This is because, without a concursus in the admiralty court, the claimants could 'secure judgments in various courts that, in the aggregate, exceed the [limitation] fund.'" *Id.* For these reasons, damage claimants must proceed in the admiralty court first before pursuing their damage and liability claims. *Id.*

But courts have permitted claimants to transform a multiple-claims-inadequate-fund case into the functional equivalent of a single-claim case through the use of appropriate stipulations. *Id.* Only when the stipulations produce the

functional equivalent of a single claim will the liability and damage action proceed. *Id.* at 1040. One stipulation must resolve the priority by which the multiple claims will be paid from the limitation fund, effectively eliminating any disagreement or need for a concursus proceeding. Id. 1038. Another stipulation must protect the vessel owner's right to litigate its limited liability claim exclusively in federal court. *Id.* at 1044. Along with this stipulation, the claimant must stipulate to protecting the vessel owner from having to pay damages in excess of the limitation fund, unless the admiralty court denies limited liability. *Id.* A fourth stipulation must waive all res judicata and issue preclusion defenses that might impact the limitation issues. *Id.*

With these principles in mind, the Court turns to Holiday's concerns regarding the stipulations in this case.

## STIPULATIONS

Holiday claims the stipulations are insufficient to protect it if the stay is lifted. (Doc. 53, p. 1). The Court addresses Holiday's arguments as to each stipulation at issue.[1]

---

[1] In the Second Motion to Lift Stay, the Claimants delineate each type of stipulation by Roman numeral. (Doc. 49, pp. 5-7).

- **Priority of Claims; and**

- **No Enforcement of Any Judgment That Would Lead to a Claim for Indemnity or Contribution Against Holiday**

Holiday asserts that in the "Priority of Claims" stipulation, Claimants failed to include the potential indemnification or contribution claim of non-party Jake Graddy.[2] Claimants direct the Court to the "No Enforcement of any Judgment that would lead to a Claim for Indemnity or Contribution against Holiday" stipulation. This stipulation provides:

> That Claimants will not seek to enforce any judgment rendered in any other court or forum outside of this limitation proceeding, not only against Holiday Water Sports Ft Myers, Inc., but against any other person or entity that may be entitled to later seek indemnity or contribution from Holiday Water Sports Ft Myers, Inc., including but not limited to Jake Graddy, by way of cross-claim or otherwise, as that would potentially expose Petitioner to liability in excess of the limitation fund, unless and until this Court has denied limitation of liability in this matter.

(Doc. 49, pp. 6-7). This stipulation mirrors a similar stipulation that the Eleventh Circuit approved as curing the "multiple claims" problem presented by co-defendants in the liability and damages action brought in a different forum. *See Beiswenger*, 86 F.3d at 1043-1044.[3] By not enforcing their claims until limited

---

[2] In the "Priority of Claims" stipulation, Claimants stipulate: "That in the event this Court determines that the Petitioner, Holiday Water Sports Ft Myers, Inc., is entitled to limit its liability, Claimants agree and stipulate that following payment of claims for fees or costs, if any, described in stipulation VI above, the claim of Maria Briem shall be given first priority against the limitation fund, and Torsten Briem's claim shall take second priority." (Doc. 49, p. 7).

[3] To compare, the stipulation in *Beiswenger* provided: "That the Respondent/Claimants will not

7

liability is determined, Claimants "have eliminated the possibility that competing claims will exhaust the limitation fund before the admiralty court has the opportunity to determine whether to grant limited liability to" Holiday. *Id.* at 1043-1044. The Court finds this stipulation adequately protects Holiday from multiple claims, including those of indemnification or contribution from Jake Graddy.

- **Attorney Fees and Costs**

Similarly, Holiday contests the Attorney Fees and Costs stipulation[4] as not providing adequate protection from multiple fee-and-cost claims, such as any fee-and-cost award the damage claimants may secure in the personal-injury action, and any fee-and-cost award that might be assessed against Graddy and then incorporated into any indemnification demand against Holiday. But as stated above, the Court finds the "No Enforcement of any Judgment" stipulation adequately protects Holiday from multiple claims, including any potential attorney's fees and costs

---

seek to enforce any judgment rendered in any state court, whether against the Petitioner or another person or entity that would be entitled to seek indemnity or contribution from the Petitioner, by way of cross-claim or otherwise, that would expose the Petition [sic] to liability in excess of $40,090.00, until such time as this Court has adjudicated the Petitioner's right to limit that liability." 86 F.3d at 1043.

[4] "Attorney Fees and Costs" stipulation provides: "That, in the event this Court determines that the Petitioner, Holiday Water Sports Ft Myers, Inc., is entitled to limit its liability, Claimants agree that any claim based upon attorney fees and/or costs awarded against Petitioner and in favor of any other party or claimant in any other court or forum, state or federal, will have first priority against the available fund." (Doc. 49, p. 7).

assessed against a co-liable party who might later seek indemnification from Holiday.

- **Exclusivity of Jurisdiction**

Next, Holiday contends that the language in the "Exclusivity of Jurisdiction" stipulation does not delineate that Claimants will not contest limitation in the personal-injury proceedings. (Doc. 53, p. 3). The "Exclusivity of Jurisdiction" stipulation provides:

> That Petitioner in this admiralty matter, Holiday Water Sports Ft Myers, Inc., has the right to litigate the issue of whether it is entitled [to] exoneration or limitation of its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. § 30501, et seq. in this Court, and *this Court has exclusive jurisdiction to determine that issue.*

(Doc. 49, p. 5 (emphasis added)). In addition, the "Exclusive Right to Determine Value"[5] stipulation gives Holiday the right to have the admiralty Court determine the value of the Yamaha Wave Runner jet ski(s) in question. (*Id.*, pp. 5-6). The Court finds these stipulations adequately protect Holiday's right to have this Court determine exoneration from or limitation of liability and, if appropriate, the limitation fund.

---

[5] The "Exclusive Right to Determine Value" stipulation provides: "That Petitioner, Holiday Water Sports Ft Myers, Inc., has the right to have this Court determine the value of the Yamaha Wave Runner jet ski(s) in question, that is described in the Affidavit of Value submitted with its Ad Interim Stipulation, and/or any other Wave Runner vessels determined by this court to be a proper part of the limitation fund, with such value and interest to be the value and interest in the vessel(s) as they were immediately following the incident at issue, as provided by the applicable Federal Rules, and this Court has exclusive jurisdiction to determine such issues." (Doc. 49, pp. 5-6).

- **Subrogation or Right to Reimbursement for Medical Claims**

Holiday seeks additional stipulations to cover any potential subrogation or right of reimbursement claim that may arise from any medical treatment Claimants received in the United States or Germany. (Doc. 53, pp. 3-4). While Holiday is not aware of any claims, it seeks this protection for any potential future claims. (*Id.*). Holiday cites language from *In re Natures Way Marine, LLC*, No. 12-00390-KD-N, 2012 WL 4103879, *3 (S.D. Ala. Sept. 17, 2012) where the claimant agreed to stipulate "that the subrogation party will take priority over Claimant's claims against said recovery from Nature's Way Marine, LLC." At bottom, the law is clear that a claimant may pursue claims against a vessel owner "so long as the vessel owner's right to seek limitation of liability is protected." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455, 121 S. Ct. 993, 1005, 148 L. Ed. 2d 931 (2001).

Here, the "No Enforcement of any Judgment" stipulation provides in part: "[t]hat Claimants will not seek to enforce any judgment rendered in any other court or forum outside of this limitation proceeding, not only against Holiday Water Sports Ft. Myers, Inc., but against any other person or entity that may be entitled to later seek indemnity or contribution from Holiday Water Sports Ft Myers, Inc., . . . by way of cross-claim or otherwise, as that would potentially expose Petitioner to liability in excess of the limitation fund, unless and until this Court has denied limitation of liability in this matter." (Doc. 49, p. 6). This provision protects Holiday

from any contribution or subrogation in connection with Claimants' treatment and the Court finds Holiday is adequately protected.[6]

In sum, the Court finds the stipulations in the Second Motion (Doc. 49) sufficient to protect Holiday's right to litigate its claim to limited liability exclusively in admiralty court. The Claimants have agreed to waive any res judicata and issue preclusion defenses that might impact the limitation issues and allow Holiday to fully assert its right to exoneration from or limitation of liability in this admiralty court. The Court will therefore lift the stay in the personal-injury action, No. 2:18-cv-301-JLB-NPM, and will stay this action with one exception.

Claimants recently filed a Motion for Judgment on the Pleadings for Lack of Subject Matter Jurisdiction (Doc. 67). Since questions of subject matter jurisdiction may be raised at any time, *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016), this action is not stayed as to the Motion for Judgment on the Pleadings (Doc. 67). Holiday must therefore respond to the Motion.

---

[6] In addition, single claimant cases have not required a separate subrogation stipulation as long as the vessel owner is protected by stipulations. These stipulations must include: (1) the vessel owner's right to litigate its limitations of liability claim exclusively in admiralty court; (2) the claimant's agreement to waive any res judicata or issue preclusion effects of another forum's decision; (3) the claimant's agreement not to enforce any other judgment until the admiralty court has adjudicated the vessel owner's right to limit liability; and (4) the claimant's agreement not seek to enforce any judgment that would require payment of damages in excess of the limitations fund. *See Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1044 (11th Cir. 1996); *In re Island Mar. Servs., Inc.*, No. 8:10-CV-1632-T-33TGW, 2011 WL 3585937, *2-3 (M.D. Fla. Aug. 16, 2011); *In Matter of Offshore Marine Towing, Inc.*, 333 F. Supp. 2d 1286, 1292 (S.D. Fla. 2004).

Accordingly:

(1) The Court **GRANTS** the Second Motion to Lift Stay (Doc. 49).

(2) The Court adopts and approves Claimants' stipulations (Doc. 49, pp. 5-7) and incorporates them in this Order. The Court requires Maria and Torsten Briem to file the stipulations signed and made under oath before an appropriate notary or corresponding officer by **March 12, 2021**.

(3) Upon the filing of the sworn stipulations, the Court will lift its Limitation Injunction (Doc. 7) in this case as to Claimants Maria Briem and Torsten Briem, to the extent that they may proceed in *Briem v. Holiday Water Sports Ft Myers Breach, Inc. et al.*, 2:18-cv-301-JLB-NPM against Holiday, as conditioned by Claimants' stipulations discussed herein.

(4) The Court **STAYS** and **ADMINISTRATIVELY CLOSES** this matter (with the exception of the resolution of the Motion for Judgment on the Pleadings (Doc. 67)) pending the resolution of *Briem v. Holiday Water Sports Ft Myers Breach, Inc. et al.*, 2:18-cv-301-JLB-NPM. Due to this stay, the Court **DENIES without prejudice** the Joint Motion for Continuance (Doc. 59), the Joint Amended Motion for Extension of Time to Complete Mediation (Doc. 61), the Unopposed Motion

Requesting Status Conference (Doc. 63), and the Joint Motion for Extension of Time on Deadline Regarding Dispositive and Daubert Motions (Doc. 64).

(5)  The Court **directs** the Clerk to file a copy of this Order for information purposes only in *Briem v. Holiday Water Sports Ft Myers Breach, Inc. et al.*, 2:18-cv-301-JLB-NPM.

(6)  The parties may return to this Court for further proceedings, if appropriate.

**ORDERED** in Fort Myers, Florida on February 12, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE